53 F.3d 338
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Nicholas KARAGOZIAN and Denise Karagozian, Plaintiffs/Appellants,
v.
CITY OF LAGUNA BEACH, et al., Defendants/Appellees.
 No. 93-56100.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 8, 1995.
Decided April 3, 1995.
 
 1
 Before: BRUNETTI and KOZINZKI, Circuit Judges and SHADUR,* Senior District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Nicholas and Denise Karagozian (collectively "Karagozians") appeal from the dismissal, via summary judgment, of their 42 U.S.C. Sec.1983 ("Section 1983") action against the City of Laguna Beach and a number of its officials (collectively "Officials"). Karagozians' Complaint advanced claims under the Takings Clause and the Due Process Clause,[1] stemming from their having been excluded from their newly-constructed home for a few months as the result of a dispute over its exterior color (Laguna Beach has a Design Review Board that passes on various aspects of both construction and aesthetics, including the color of new residences, and no certificate of occupancy is issued for a residence unless the proposed owner has complied with the Board's approved specifications).
 
 
 4
 Karagozians focused their initial brief before this Court on the sole ground that had been relied on by the district court for its decision--a ruling based on preclusion principles. Then, even though the responsive brief filed by Laguna Beach and Officials had also advanced a number of alternative grounds for affirmance, Karagozians failed to file a reply brief. Accordingly, shortly in advance of oral argument this Court ordered Karagozians' counsel to file a further brief addressing those other grounds. But when Karagozians' counsel then advised that other commitments made such a prompt submission impossible, this Court directed him to be prepared to deal with the issues during oral argument, with any possible additional briefing to await further court order. As matters have developed, no further briefing is in fact needed, because the alternative grounds do call for affirmance as a matter of law and because this Court is not limited to affirming on the trial court's ground for decision. Dandridge v. Williams, 397 U.S. 471, 475 n.6 (1970); In re Adams Apple, Inc., 829 F.2d 1484, 1487 n.4 (9th Cir. 1987).
 
 
 5
 To begin with, Denise has no standing because she has admitted that she has no interest in the residential property. It was not a part of the marital community (with Nicholas having acquired it before Karagozians' marriage, and with their antenuptial agreement having precluded Denise's acquisition of any ownership interest).
 
 
 6
 As for Laguna Beach, to the extent that Officials are claimed to have acted in contravention of the city's ordinance, no Section 1983 claim can lie against the city itself. Any such claim would require an impermissible application of respondeat superior principles. Monell v. Department of Social Services of City of New York, 436 U.S. 658, 691 (1978). And to the extent that Karagozians attack the Laguna Beach ordinance itself:
 
 
 7
 1. Any as-applied challenge to those enactments fails for lack of ripeness because Karagozians have not sought compensation through a California inverse condemnation claim. Carson Harbor Village, Ltd. v. City of Carson, 37 F.3d 468, 473-75 (9th Cir. 1994).
 
 
 8
 2. Although the record is not clear on this issue (one on which Karagozians bear the burden, for standing is a necessary element of federal jurisdiction), it appears likely that any facial challenge would fail for lack of an Article III case or controversy. To assert a facial takings claim, a plaintiff must show that he or she owned the property when the challenged law was enacted, because the injury in a facial takings claim is sustained only at the moment of statutory enactment. Carson Harbor Village, 37 F.3d at 475-76.[2] And even if Karagozians could overcome that threshold hurdle (as it does not seem they have), the Laguna Beach ordinance falls comfortably within the scope of permissible land use regulations. See, e.g., Berman v. Parker, 348 U.S. 26, 32-33 (1954) and its numerous progeny as to the proper role of such regulations in dealing with aesthetic considerations.
 
 
 9
 Lastly, if the quarrel demonstrated in the parties' briefs as to the meaning and effect of various prior California state court decisions and decisions of this Court demonstrates anything, it is that none of the actions ascribed to Officials violated any then "clearly established" constitutional rights within the sense defined by Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) and refined in Anderson v. Creighton, 483 U.S. 635, 640 (1987). That then dispatches Karagozians' claims against Officials in their individual capacities.
 
 
 10
 * * *
 
 
 11
 AFFIRMED.
 
 
 
 *
 Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Although a portion of Appellees' Brief seeks to recharacterize part of Karagozians' claims as state law claims dependent on the district court's supplemental jurisdiction (28 U.S.C. Sec.1367(a)), Karagozians' Br. 1 makes it plain that they are advancing only federal constitutional claims under Section 1983
 
 
 [2]
 Because both the lack of ripeness and the want of a case or controversy are jurisdictional defects, we do not go on to deal with the claim-preclusion and issue-preclusion questions that formed the gravamen of the district court's decision and that occupied nearly all of Karagozians' briefing and much of appellees' briefing before us